**Kokila Kaneiyalal PATEL, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 04–71459.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2012.*

Filed Aug. 13, 2012.

Carlos Alfredo Cruz, Esquire, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ada Elsie Bosque, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, for Respondent.

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

## MEMORANDUM **

Kokila Kaneiyalal Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Camins v. Gonzales,* 500 F.3d 872, 876 (9th Cir.2007), and we grant the petition for review and remand for further proceedings.

In concluding that Patel was ineligible for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, the agency did not have the benefit of *Peng v. Holder,* 673 F.3d 1248, 1256–57 (9th Cir.2012), in which we held that § 212(c) relief remains available to certain aliens who proceeded to trial prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, or *Vartelas v. Holder,* 566 U.S. ——, 132 S.Ct. 1479, 182 L.Ed.2d 473 (2012), in which the Supreme Court discussed the role of a reliance inquiry when the antiretroactivity principle is invoked.

In light of this intervening caselaw, we remand to the BIA to determine Patel's eligibility for § 212(c) relief.

In light of our disposition, we need not address Patel's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).